UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:21-CR-47-REW-HAI |
| v. | ) | |
| | ) | |
| BRANDIE STARR YOUNG, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 51 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Young's guilty plea and adjudge her guilty of Count One of the Indictment (DE 1). *See* DE 52 (Recommendation); *see also* DE 54 (Plea Agreement). Judge Ingram expressly informed Defendant of her right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 52 at 2-3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 52, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Indictment (DE 1);

2. The Court **CANCELS** the jury trial in this matter; and

3. The Court will issue a separate sentencing order.[1]

This the 10th day of March, 2022.

Signed By:
Robert E. Wier  *REW*
United States District Judge

---

[1] At the close of the hearing, Judge Ingram permitted Defendant to remain on bond pending resolution of her motion to delay detention. *See* DE 51. This was Defendant's status pre-hearing. *See* DE 17 (Minute Entry for Initial Appearance and Arraignment). The Court will address Young's detention and motion for delay, *see* DE 50, in a separate contemporaneous order.